No. 16,999.

LANE *v.* THE PEOPLE.
(257 P. [2d] 578)

Decided May 11, 1953.

Messrs. BOWLES & FOOTE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Plaintiff in error was named defendant in an information filed in the district court of Adams county, in which it was charged that he "did unlawfully and feloniously obtain from Julia Dabney $110.00 in money, of the value of $110.00, of the moneys and personal property of Julia Dabney, by means and by use of the confidence game * * *."

Upon trial to a jury a verdict of guilty was returned, and judgment and sentence entered thereon. Motion for new trial having been overruled, defendant, seeking reversal of the judgment, brings the case here by writ of error.

Only two witnesses gave testimony upon the trial. At the conclusion of the evidence, counsel for defendant moved for a directed verdict on the ground that there was no evidence before the jury which would warrant or sustain a verdict of guilt upon the charge of confidence game. The court denied the motion. No evidence was offered by defendant.

The sole question to be determined by this court is whether the evidence presented by the People established a prima facie case against defendant. That question is answered in the negative.

A careful study of all the testimony, and a consideration thereof in the light most favorable to the prosecution, leads inescapably to the conclusion that the offense of obtaining money by means of the confidence game was not established. No good purpose would be served by setting forth in detail the transactions between defendant and the prosecuting witness which took place prior to, and at the time of, the delivery by the latter of a check for $110.00 to the former. Suffice it to say that the transaction, in so far as it was developed by evidence introduced upon the trial, amounted at best

to the establishment of the relationship between them of debtor and creditor. There is nothing in the evidence legally sufficient to establish that the confidence of the prosecuting witness was obtained by any representations made by defendant which were shown to be false; by any false or bogus checks; or by any other means included within the prohibition of the confidence game statute. It appears from the evidence that certain representations were made by defendant in the course of business dealings with the prosecuting witness. No attempt was made to prove that any of them were false. The alleged bogus instrument or device upon which the prosecution relied as being suficient to establish a confidence game was a check for $110.00 given by defendant to the prosecuting witness in exchange for her check payable to his order for a like amount. When the full circumstances surrounding this exchange of checks is considered, it is clear that the prosecuting witness made the unfortunate mistake of loaning $110.00 to an irresponsible individual in the person of the defendant. This of itself is insufficient to sustain a judgment of guilt on a charge of obtaining money by means of the confidence game.

By speculation on what might have been shown had a more thorough investigation been undertaken, we might conclude that the crime charged, or some other crime, was in fact committed. However, the record before us does not support the charge of confidence game. Irresponsibility of a person with relation to contractual obligations, and neglect, failure or refusal to perform them, standing alone, will not warrant a conviction of crime.

The judgment is reversed and cause remanded with directions to the trial court to dismiss the action and discharge the defendant.

MR. JUSTICE HOLLAND not participating.